# In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| IN RE:<br><br>**MIRANDA COOPER**,<br><br>DEBTOR. | CASE NO. 19-BK-09567<br>EASTERN DIVISION<br>CHAPTER 13<br><br>HON. JACK B. SCHMETTERER |
| **MIRANDA COOPER**,<br><br>PLAINTIFF,<br><br>V.<br><br>**CITY OF CHICAGO**, AN ILLINOIS MUNICIPAL CORPORATION,<br><br>DEFENDANT. | ADV. NO. 19-AP-00853<br><br><br>HEARING DATE: SEPT. 3, 2019<br>HEARING TIME: 9:30 A.M. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that on September 3, 2019 at 10:00 a.m. the undersigned shall appear before the Honorable Jack B. Schmetterer or any other judge sitting in his stead, in Courtroom 682, at 219 S. Dearborn St., Chicago, Illinois, and then and there present the City of Chicago's ***Motion for Judgment on the Pleadings on Count II*** a copy of which is attached hereto and served upon you.

Respectfully submitted,

Mark Flessner
Corporation Counsel

By: s/ David Paul Holtkamp
David Paul Holtkamp
Asst. Corp. Counsel Supervisor
**CITY OF CHICAGO,**
**DEPARTMENT OF LAW**
Chicago City Hall
121 N LaSalle St., Ste. 400
Chicago, IL 60602
312.744.6967
David.Holtkamp2@cityofchicago.org

# In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| IN RE:<br><br>**MIRANDA COOPER**,<br><br>DEBTOR. | CASE NO. 19-BK-09567<br>EASTERN DIVISION<br>CHAPTER 13<br><br>HON. JACK B. SCHMETTERER |
| **MIRANDA COOPER**,<br><br>PLAINTIFF,<br><br>V.<br><br>**CITY OF CHICAGO**, AN ILLINOIS MUNICIPAL CORPORATION,<br><br>DEFENDANT. | ADV. NO. 19-AP-00853<br><br><br>HEARING DATE: SEPT. 3, 2019<br>HEARING TIME: 9:30 A.M. |

## MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT II

**Mark Flessner**
Corporation Counsel

David Paul Holtkamp (IL 6298815)
Assistant Corporation Counsel Supervisor
**CITY OF CHICAGO - DEPARTMENT OF LAW**
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel: (312) 744-6967
Email: David.Holtkamp2@cityofchicago.org

# FACTS

On July 8, 2016, Miranda Cooper (the "*Debtor*") filed a chapter 13 bankruptcy case initiating case number 16-bk-21958. *See* Answer ¶ 5 [AP Dkt. No. 7];[1] Petition [PBK Dkt. No. 1].[2] When that prior case was filed, the Debtor owned a Lexus ES300. *See* Answer ¶ 6. The chapter 13 trustee filed multiple motions to dismiss in that case starting on August 2, 2017, and the case was ultimately dismissed on July 11, 2018. *See* Motions to Dismiss [PBK Dkt. Nos. 24, 26, 31]; Dismissal Order [PBK Dkt. No. 32]. Prior the case being dismissed, on February 16, 2018, the City impounded the Debtor's Lexus because it was being operating by a person without a valid driver's license. *See* Answer ¶ 8. The Debtor did not file anything in the prior case, such as a motion for turnover or a motion for sanctions, complaining of the City's impoundment of her Lexus. *See generally,* Docket [PBK Dkt. Nos 1-26]. After the case was dismissed, the City disposed of the Debtor's vehicle. *See* Answer ¶ 9.

On April 2, 2019, the Debtor filed a new chapter 13 bankruptcy case, that is, the underlying bankruptcy case to this adversary proceeding. *See* Petition [BK Dkt. No. 1].[3] The Debtor asserted in her sched-

---

[1] Docket entries in this adversary proceeding are cited as "AP Dkt. No. __."

[2] Docket entries in the prior bankruptcy case, case no. 16-bk-21958, are cited as "PBK Dkt. No. __."

[3] Docket entries in the underlying bankruptcy case, case no. 19-bk-

1

ules that she had no right to sue anyone for any reason as of the petition date. *See* Schedule A/B, ¶ 33 [BK Dkt. No. 1]. The Debtor's plan was then confirmed on May 29, 2019, providing an 11% dividend to unsecured creditors. *See* Confirmation Order [BK Dkt. No. 21]. After the plan was confirmed the Debtor initiated the instant adversary case seeking $50,000 from the City for purportedly violating the stay in her prior case. *See* Complaint [AP Dkt. No. 1]. The Debtor then amended her Schedule A/B to disclose this suit seeking $50,000 as an asset for the first time, and well after anyone could object to confirmation of the plan that did not account for that asserted asset. *See* Amended A/B [BK Dkt. No. 26].

The Debtor's complaint asserts two counts: Count I seeking actual damages for the City's purported automatic stay violation, and Count II seeking punitive damages against the City for the same purportedly violative conduct. *See* Complaint [AP Dkt. No. 1]. The City timely filed its answer and affirmative defenses to the Debtor's complaint. *See* Answer [Dkt. No. 7]. The City now, through this motion, seeks judgment on the pleadings as to Count II because punitive damages are not allowed against the City of Chicago as a matter of law.

# DISCUSSION

Under Rule 12(c), made applicable here through Bankruptcy Rule

---

09567, are cited as "BK Dkt. No. __."

2

7012, "[a]fter pleadings have closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. 12(c); Fed. R. Bankr. P. 7012. The standard for a motion for judgment on the pleadings is the same as that for summary judgment. *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). Therefore, a motion should be granted if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* However, a court may only look to the pleadings and judicially noticeable facts — including the court's own docket — when considering the motion. *See Balogun v. Winn Law Grp., A.P.C.,* 2017 WL 2984075, at *3 (C.D. Cal. July 12, 2017); *see also,* 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed.).

Here, assuming (without conceding)[4] all the allegations in the Complaint are true — that is, that the City impounded the Debtor's car during her prior bankruptcy, it then refused to give it back while the case was still pending, and then disposed of it thereafter — the City is still entitled to judgment as a matter of law on Count II.

In Count II, the Debtor requests a judgment against the City in the

---

[4] The City does not concede that it violated the stay. The City may impound a vehicle that is being operated by a person without a license even when the owner is in bankruptcy. Such impoundment is a clear use of police power. The City also has no record of the Debtor requesting that her vehicle be returned, which the City would have done had she asked during that prior case. The Debtor also never asked for a court order requiring return during that case. But those facts are not relevant to this limited motion for judgment on the pleadings.

3

amount of $50,000 and cancellation of all debt owed by the Debtor to the City as an award of punitive damages to punish the City for its purportedly "egregious, outrageous, [and] malicious" conduct. *See* Complaint, ¶ 17 [AP Dkt. No. 1]. But under federal common law, and the Bankruptcy Code's express adoption of that law in § 106(a)(3), punitive damages may not be awarded against the City.

1. **Section 106(a)(3) Codifies the Common Law that Municipalities are Immune from Punitive Damages.**

   Pursuant to § 106(a)(3) of the Bankruptcy Code, the "court may issue against a governmental unit an order, process, or judgment…but not including an award of punitive damages." 11 U.S.C. § 106(a)(3). Governmental unit is a defined term in the Code, and includes municipalities. *See* 11 U.S.C. § 101(27). Because the City is immune from an award of punitive damages, judgment should be entered for the City on Count II.

   Section 106(a)(3) expressly provides that an award of punitive damages may not be granted against a "a governmental unit." *See* 11 U.S.C. § 106(a)(6). This section is simply the codification of the common law. While municipal corporations, like private corporations, may sue and be sued like natural persons, the premise that a "municipal corporation [is immune] from punitive damages at common law [is] not open to serious question." *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 259-61 (1981). The policy behind this rule is easy to understand. Therefore, the "general rule today is that no punitive damages

4

are allowed [against a municipality] unless expressly authorized by statute." *Id.* at n.21.

To abrogate the common-law doctrine immunizing municipalities against punitive damages, Congress must "specifically so provide[]." *Id.* at 263; *see also, Landon v. Oswego Unit Sch. Dist. No.* 308, 143 F. Supp. 2d 1011, 1012 (N.D. Ill. 2001) ("given this well established common law principle that a municipality was immune from punitive damages, Congress would have specifically so provided had it wished to abolish the doctrine."); *Holly v. City of Naperville*, 571 F. Supp. 668, 673 (N.D. Ill. 1983) (specific language needed to so show Congress "intended to override the immunity from punitive damages which municipalities had enjoyed at common law."); *Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015) ("Congress must clearly express its intention" to abrogate the doctrine.); *Senne v. Vill. of Palatine*, 2013 WL 68703, at *2 (N.D. Ill. Jan. 4, 2013) ("Consistent with the Supreme Court's analysis, punitive damages are unavailable against the Village under the DPPA unless the statute expressly abrogates the municipality's immunity.").

The fact that § 362(k) authorizes punitive damages generally as part of the relief given to a debtor for a violation of the stay cannot be taken to authorize punitive damages against a municipality like the City. As the district court held in *Senne v. Villiage of Palatine*, "[t]hough the [statute] expressly references punitive damages, it is silent regarding whether a municipality may be held liable for them.

5

Such language cannot be considered express legislative authorization or a waiver of the well-settled common law principle of municipal immunity from punitive damages." 2013 WL 68703, at *3. Instead, to abrogate this immunity, the statute must speak directly to the question as to whether punitive damages are available *against a municipality*, not just generally. *See id., see also, United States v. Texas,* 507 U.S. 529, 534 (1993). The Code does not expressly provide that punitive damages may be awarded against a governmental unit, such as the City. Therefore, even if § 106(a)(3) was deleted from the Code, the City would still be immune from punitive damages. But in this instance, the Code understandably tracks the common law.

The courts agree that the language of § 106(a)(3) is clear and unequivocally bars punitive damages against a governmental unit for a stay violation. *See In re Flynn,* 185 B.R. 89, 93 (S.D. Ga. 1995); *In re Griffin*, 415 B.R. 64, 71 (Bankr. N.D.N.Y. 2009); *In re Davis*, 201 B.R. 835, 837-38 (Bankr. S.D. Ala. 1996); *In re Duby*, 451 B.R. 664, 678 (B.A.P. 1st Cir. 2011). This prohibition extends to counties, *see Rosas v. Monroe Cty. Tax Claim Bureau*, 323 B.R. 893, 902 (Bankr. M.D. Pa. 2004), and even cities that mistakenly enforce parking and traffic laws in violations of the stay, *see In re Odom,* 571 B.R. 687, 698 (Bankr. E.D. Pa. 2017); *In re Quiles Aviles*, 532 B.R. 428, 440 (Bankr. D.P.R. 2015). And the commentators agree too:

> This limitation on recovery is similar to the limitation on the waiver of the federal government's sovereign immuni-

6

> ty in the Federal Tort Claims Act and ***is consistent with traditional rules prohibiting the recovery of punitive damages from municipalities*** that are otherwise subject to suit. As the Supreme Court has explained with respect to municipalities, but with reasoning which is equally applicable to other governmental units, "an award of punitive damages … 'punishes' only the taxpayers, who took no part in the commission of the tort … [and is] in effect a windfall to a fully compensated plaintiff… . Neither reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayers."

S. Elizabeth Gibson, *Congressional Response to Hoffman and Nordic Village: Amended Section 106 and Sovereign Immunity*, 69 Am. Bankr. L.J. 311, 331-32 (1995) (emphasis added). Therefore, the City is immune from punitive damages for violations of the stay under both common law and § 106(a)(3). A motion for judgment on the pleadings should be granted where the plaintiff seeks punitive damages against a municipality that is immune. *Nowlin v. 2 Jane Doe Female Rochester New York Police Officers*, 2013 WL 5503962, at *10 (W.D.N.Y. Oct. 2, 2013). Judgment for the City should be granted as to Count II of the Complaint.

## 2. Conclusion.

For all the reasons stated above, the City respectfully requests that this Court grant it judgment on the pleadings as to Count II of the Debtor's complaint.

Respectfully submitted,

Mark Flessner
Corporation Counsel

By: s/ David Paul Holtkamp
David Paul Holtkamp
Asst. Corp. Counsel Supervisor
**CITY OF CHICAGO,**
**DEPARTMENT OF LAW**
Chicago City Hall
121 N LaSalle St., Ste. 400
Chicago, IL 60602
312.744.6967
David.Holtkamp2@cityofchicago.org

8

## CERTIFICATE OF SERVICE

I, David Paul Holtkamp, an attorney, hereby certify that on August 19, 2019, I caused a copy of the attached Motion for Judgment on the Pleadings to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ David Paul Holtkamp

## SERVICE LIST

**Registrants**
(Via CM/ECF)

- **Ross H Briggs**   r-briggs@sbcglobal.net, hrr73813@notify.bestcase.com
- **Charles A King**   chuck.king@cityofchicago.org

9