# In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| IN RE:<br><br>**MIRANDA COOPER**,<br><br>DEBTOR. | CASE NO. 19-BK-09567<br>EASTERN DIVISION<br>CHAPTER 13<br><br>HON. JACK B. SCHMETTERER |
| **MIRANDA COOPER**,<br><br>PLAINTIFF,<br><br>V.<br><br>**CITY OF CHICAGO**, AN ILLINOIS MUNICIPAL CORPORATION,<br><br>DEFENDANT. | ADV. NO. 19-AP-00853<br><br><br>HEARING DATE: SEPT. 26, 2019<br>HEARING TIME: 10:30 A.M. |

# REPLY IN SUPPORT FOR JUDGMENT ON THE PLEADINGS

**Mark Flessner**
Corporation Counsel

David Paul Holtkamp (IL 6298815)
Assistant Corporation Counsel Supervisor
**CITY OF CHICAGO - DEPARTMENT OF LAW**
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel: (312) 744-6967
Email: David.Holtkamp2@cityofchicago.org

# INTRODUCTION

The City is immune from punitive damages under the express terms of the Bankruptcy Code, *see* 11 U.S.C. § 106(a)(3), and the common law, as clearly stated by the Supreme Court. *See Cook County, Ill. v. U.S. ex rel. Chandler*, 538 U.S. 119, 129 (2003). But the Debtor asserts that the statutory protection under § 106(a)(3) is inapplicable because that section does not constitutionally abrogate sovereign immunity. That is incorrect, but it simply does not matter here because no assertion of sovereign immunity has been made, and therefore whether or not § 106(a) waived it is not an issue. The Debtor then asserts that § 106(a)(3) only applies to "sovereign entities" and therefore not the City. But the clear text of the Code provides first that sovereign immunity is abrogated, whether or not asserted, and then provides expressly what kind of awards may be awarded against any kind of governmental unit. In short, this takes sovereign immunity off the table as a defense for anyone, but also limits awards of punitive damages for all governmental units.

The Debtor's assertion that the City cannot use the clear common-law immunity of municipalities against punitive damages fares no better. Debtor asserts that municipalities must be liable for punitive damages under the canon that "all appropriate relief is available." This assertion makes little sense because if correct it would nullify all

of the more specifically tailored doctrines and immunities restricting available remedies.

The Debtor finally argues that *Chandler v. Cook County*, 277 F.3d 969 (7th Cir. 2002), opens the City up to punitive damages notwithstanding the common-law immunity. But that is not true either. The Supreme Court, in reviewing *Chandler*, emphasized that "municipalities' common law resistance to punitive damages still obtains, [and therefore] the general rule today is that no punitive damages are allowed unless expressly authorized by statute." *Cook County, Ill. v. U.S. ex rel. Chandler*, 538 U.S. at 129 (2003). The statute in *Chandler* was the False Claims Act, which was amended to provide for treble damages, and the Court held that those damages were not strictly punitive but instead a hybrid designed to compensate and punish at the same time and therefore the immunity did not apply. *See id.*

With this clarification of the immunity by the Supreme Court, the question becomes (1) whether the damages sought are punitive, as opposed to remedial or a hybrid, and (2) if the damages are punitive, whether the imposition of punitive damages against a municipality is expressly authorized by statute. *See Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 372–73 (3d Cir. 2004). There is no question that under § 362(k) the damages sought are punitive because the statute authorizes "punitive" damages generally. *See* 11 U.S.C. § 362(k). Next, there is no provision in the statute that expressly authorizes those damages against a municipality, as opposed to generally. The claim for

2

punitive damages must fail. The City's motion should be granted.

# DISCUSSION

## 1. Section 106(a)(3) applies.

The Debtor first argues that notwithstanding the Supreme Court's holding in *Central Virginia Comm. College v. Katz*, 546 U.S. 356 (2006), § 106(a) is an unconstitutional abrogation of sovereign immunity under the Eleventh Amendment. But the ruling in *Katz* made the Eleventh Amendment analysis irrelevant when the *res* of the estate is in play, such as when the estate sues a state to recover a transfer of property or funds. *See In re Bulk Petroleum Corp.*, 796 F.3d 667, 680 (7th Cir. 2015); *see also, In re Total Fin. Inv., Inc.,* 2019 WL 2432089, at *10 (Bankr. N.D. Ill. June 11, 2019).[1] Thus, § 106(a) was not needed to abrogate sovereign immunity with respect to suits seeking damages against sovereign entities because the Bankruptcy Clause already did that. *See Katz*, 546 U.S. at 362. A suit for sanctions for violating the stay falls in that category. *See In re Omine*, 485 F.3d 1305, 1314 (11th Cir. 2007). Therefore, constitutionality is not an issue, even if it was properly asserted.

---

[1] The Debtor spends a lot of time relying on *In re La Paloma Generating Co.*, 588 B.R. 695 (Bankr. D. Del. 2018), but Judge Doyle already explained in *Total Finance* that the Seventh Circuit's opinion in *Bulk Petroleum* precludes *La Paloma*'s position in this circuit . *See* 2019 WL 2432089, at *10.

3

The constitutionality of the sovereign immunity waiver is also completely irrelevant because the City has never asserted it. Defenses, even constitutional defenses, may be waived by a defendant. And the City certainly is not arguing that § 106(a) violates its sovereign immunity. This is simply not an issue. And no one is arguing that Congress did not have the ability to limit damages for a statutorily created cause of action, such as under § 362(k). Congress used that power under § 106(a)(3) to limit damages against governmental units, without consideration of whether a particular governmental unit claimed (or even could claim) sovereign immunity. (The definition of governmental unit at 11 U.S.C. § 101(27), which was in place already when § 106(a)(3) was adopted, has always included non-sovereign entities.)

The Debtor also argues that § 106(a)(3) only applies to sovereign entities, and thus it does not apply to all governmental units, as that term is defined in § 101(27). She asserts that because the text says "notwithstanding an assertion of sovereign immunity" this means § 106(a)(3) only applies to sovereign entities. But the plain reading of this means that whether or not sovereign immunity is asserted, and thus, even if it isn't, the below sections and limitations apply to all governmental units. To put it another way, § 106(a) provides that sovereign immunity is abrogated no matter what with respect to all governmental units, and then lists all the things a court may do to any governmental unit, even non-sovereign ones. In the end, sovereign immunity can be a very complicated analysis. Section 106(a) allows the

courts to skip that analysis and move to the merits. In order to do so, § 106(a) must, and does, treat all governmental units the same.

The Debtor cites to the unreported case of *In re Omine*, 2006 WL 319162, at *4 (M.D. Fla. Feb. 10, 2006), for the proposition that § 106(a)(3) only applies to governmental units that are otherwise sovereign. But that holding was reversed by the Eleventh Circuit on appeal in *In re Omine*, 485 F.3d 1305, 1317 (11th Cir. 2007).[2]

The court of appeals held that although the abrogation of sovereign immunity in § 106(a) was no longer required after *Katz* because it was waived by the Bankruptcy Clause, § 106(a)(3) still applied. There, the court held that "[s]ince the plain text of [§ 106(a)(3)] is applicable, we are loathe to ignore award limitations that are within Congress's power to enact and refuse to apply them when the framework that the award limitations were placed in was rendered, not unconstitutional, but rather, only unnecessary." *Id.* at 1319. The court went on to hold that "it is difficult to escape the application of a plain reading of § 106(a)(3) that applies its award limitations to a bankruptcy court order issued pursuant to §§ 105 or 362(h)." *Id.* Therefore, the Debtor's primary case was reversed on the point she uses it for. Section 106(a)(3) is a limitation on the award that the court may issue against

---

[2] The opinions in the *Omine* case were withdrawn as part of a settlement between the parties after the opinion was delivered. *See In re Omine,* 2007 WL 6813797 (11th Cir. June 26, 2007). This does not change the reasoning of the circuit court however.

5

a governmental unit, which the City is.

The plaintiff also relies heavily on *In re NCVAMD, Inc.*, 2013 WL 6860816 (Bankr. E.D.N.C. Dec. 31, 2013), that (arguably) supports her position. But that unreported case does not stand for the proposition that sovereign and non-sovereign governmental units are treated differently under § 106(a)(3), but rather held that the state itself—a clear sovereign entity—was subject to punitive damages. *See id.,* at *2 ("A bankruptcy court may award punitive damages against state governmental units[.]"). This ruling just ignored the prohibition in § 106(a)(3) and effectively wrote it out of the Code. It also failed to appreciate the common law prohibition against punitive damages against governmental units. The court in *In re Odom*, 571 B.R. 687, 698 n.16 (Bankr. E.D. Pa. 2017), succinctly explained why that opinion is simply wrong. In the end "NCVAMD conflates the issues of jurisdiction immunity with statutory authority and the scope of the remedy provided by Congress for stay violations committed by governmental units." *Id.* No court has followed *NCVAMD*.

### 2. The City is Immune from Punitive Damages at Common Law.

But the limitation in § 106(a)(3) of the Bankruptcy Code is merely a codification of the common law tenet that municipalities are immune from punitive damages. Therefore, even if it was not present in the Code—even if § 106(a)(3) were unconstitutional or inapplicable—that would matter little because the common-law immunity still applies.

6

The Debtor asserts that the City may not rely on its common-law immunity based on the Seventh Circuit opinion in *Chandler v. Cook County*, 277 F.3d 969 (7th Cir. 2002). The statute at issue in *Chandler* was the False Claims Act, which was amended to provide that the damages under the statute would be treble damages as opposed to double damages previously allowed. The Supreme Court had noted that the scheme of treble damages was "essentially punitive in nature" in *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 784 (2000), and therefore the County argued that it was immune from those damages under its common-law immunity. The County's argument was a little too cute considering that until the FCA was amended from double to treble damages, the County was clearly subject to damages. It was hard to believe that in increasing the damages, Congress could have intended to provide immunity to local governments where they had not previously enjoyed it, and done so by silence. The circuit court held that although the damages were now punitive, the immunity did not apply due to policy considerations.

The Supreme Court, however, granted certiorari and clarified the immunity issue the next year. The Supreme Court very clearly reaffirmed in that "[s]ince municipalities' common law resistance to punitive damages still obtains, the general rule today is that no punitive damages are allowed unless expressly authorized by statute." *Chandler*, 538 U.S. at 129. The Court then held that changing the damages from double to treble did not wholly change the damages from remedial

7

to punitive. Instead, "the FCA's damages multiplier has a compensatory function as well as a punitive one," and "treble damages certainly does not equate with classic punitive damages[.]" *Chandler*, 538 U.S. 119, 120, 123. The Court has had difficulty in categorizing treble damages, and has "placed different statutory treble-damages provisions on different points along the spectrum between purely compensatory and strictly punitive awards." *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 405, (2003). Thus, the Court in *Chandler* held that the treble damages under the FCA were not changed to strictly punitive by implication when the statute was amended. Instead, the damages were a hybrid and thus the immunity did not apply.

Since the *Chandler* opinion from the Supreme Court, the immunity has been recognized by multiple courts of appeal, *see, e.g., Flythe v. Dist. of Columbia*, 791 F.3d 13, 23 (D.C. Cir. 2015) ("[A]s a general rule there can be no recovery of punitive damages against a municipality absent a statute expressly authorizing it."). Courts considering this issue generally apply a two-step analysis. The first question is whether the damages sought are punitive, as opposed to remedial or hybrid. The second question, if the damages are punitive, is whether punitive damages are expressly authorized against a municipality, to abrogate the immunity. *See Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 372-73 (3d Cir. 2004) ("In assessing whether liquidated damages under the ADEA may be im-posed against the municipality, represented here by the School District, we must address whether liquidated damages

8

under the ADEA are punitive and, if so, whether the imposition of punitive damages against a municipality is expressly authorized by statute."). And the district courts in this district, in cases decided after *Chandler*, have correctly applied this exact analysis to an assertion of municipal immunity against punitive damages. *See Senne v. Vill. of Palatine,* 2013 WL 68703, at *2 (N.D. Ill. Jan. 4, 2013); *Maher v. City of Chicago*, 463 F. Supp. 2d 837, 844 (N.D. Ill. 2006).

For example, in *Senne*, decided in 2013 (well after the *Chandler*), the court held that "[c]onsistent with the Supreme Court's analysis, punitive damages are unavailable against the [municipality] under the [Driver's Privacy Protection Act] unless the statute expressly abrogates the municipality's immunity." 2013 WL 68703, at *2. It went on to hold that a general authorization for punitive damages in the statute cannot suffice. *Id.* Instead, the court correctly held that the statute must speak directly to the issue of whether punitive damages may be awarded against a municipality to overcome the immunity. *Id.* Other courts have echoed that holding that direct and express language is required to abrogate the immunity. *See Krekelberg v. City of Minneapolis*, 2018 WL 3621031, at *12 (D. Minn. July 30, 2018); *Mallak v. City of Brainerd*, 2017 WL 3668759, at *17 (D. Minn. Aug. 23, 2017); *Pascocciello v. Interboro Sch. Dist.*, 2006 WL 1284964, at *8 (E.D. Pa. May 8, 2006).

Here, first, the damages sought are clearly punitive damages because that is what the text of § 362(k) generally authorizes. This is not

9

a case where double or treble damages are allowed, leaving it up to the court to categorize the damages. The statute says punitive damages, and that is what the Debtor wants. Thus, the answer to the first part of the analysis must be that the damages sought are punitive.

Second, there is nothing that directly and expressly provides for punitive damages against the City. In fact, the statute on point provides that punitive damages are not allowed against the City. *See* 11 U.S.C. § 106(a)(3). And state law says the same thing. *See* 745 ILCS 10/2-102 ("Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party."). The Debtor is not entitled to punitive damages as a matter of law, and therefore the City should be granted judgment on Count II.

### 3. Conclusion.

The City's motion for judgment on the pleading as to Count II should be granted. The statute at issue here is clear as is the Count II of the complaint that the Debtor seeks punitive damages. Therefore there can be no confusion on whether the damages sought are remedial, hybrid, or punitive. They are punitive. No law speaks directly to whether those punitive damages are allowed against a municipality and therefore, as a matter of law the Debtor is not entitled to punitive damages and thus cannot recover them.

Respectfully submitted,

Mark Flessner
Corporation Counsel

By: s/ David Paul Holtkamp
David Paul Holtkamp
Asst. Corp. Counsel Supervisor
**CITY OF CHICAGO,**
**DEPARTMENT OF LAW**
Chicago City Hall
121 N LaSalle St., Ste. 400
Chicago, IL 60602
312.744.6967
David.Holtkamp2@cityofchicago.org

## CERTIFICATE OF SERVICE

I, David Paul Holtkamp, an attorney, hereby certify that on September 17, 2019, I caused a copy of the attached Response to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ David Paul Holtkamp

## SERVICE LIST

**Registrants**
(Via CM/ECF)

- **Ross H Briggs**    r-briggs@sbcglobal.net, hrr73813@notify.bestcase.com
- **Charles A King**    chuck.king@cityofchicago.org